IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                   )
                                         )
JAMES ALLEN RICH,                        )   BANKRUPTCY NO. 05 B 24115
                                         )
                    Debtor               )

NARRATIVE OF TRUSTEE'S ADMINISTRATION

James Allen Rich filed his voluntary petition under Chapter 11 of the Bankruptcy Code on June 17, 2005.  On April 18, 2006, the Honorable Judge Pamela Hollis converted said bankruptcy proceeding to a proceeding under Chapter 7 of the Bankruptcy Code.  Thereafter, Joseph R. Voiland was appointed to act as Trustee in said Chapter 7 proceeding.  During the pendency of the Chapter 7 proceeding, the Trustee performed the following duties relative to the administration of this estate:

MOTOR VEHICLES:

At the time of conversion of this matter to a Chapter 7 proceeding, the estate was the owner of four collector motor vehicles (Michael Jordan Corvette, Chitty Chitty Bang Bang, Princess Di Rolls Royce, and Family Truckster).  The vehicles were being stored at Rich Harvest Farms pursuant to a prior agreement of the parties.  Demand was made upon the Trustee to remove the vehicles from their current place of storage.  The Trustee found alternate storage arrangements, arranged for shipment of the vehicles to the new place of storage and obtained insurance on the vehicles.

Thereafter, the Trustee arranged for sale of the motor vehicles.  In preparation for the sale of the motor vehicles, the Trustee had professional photographs taken of the vehicles, made cosmetic repairs to the motor vehicles and subsequently obtained an Order approving the auction sale of the motor vehicles.  Initially, the Trustee employed

American Auction Associates, Inc. to auction the motor vehicles.  American Auction was successful in the sale of the Michael Jordan vehicle.  After the sale of the Michael Jordan vehicle, it was determined that alternative methods would be necessary in order to obtain the highest and best value for auction sale of the remaining motor vehicles.  The Trustee obtained an Order employing Kruse International, Inc. to market and sell the three remaining motor vehicles.  As part of the agreement with the auctioneer, the Trustee made arrangements to transfer said motor vehicles to Auburn, Indiana to be stored and insured by Kruse International, Inc. at no expense to the estate.  The Trustee made arrangements for delivery of the motor vehicles to Auburn, Indiana.  Thereafter, Kruse International, Inc. recommended that the motor vehicles be placed for auction at the Second Annual Collector Car Auction and Show in Houston, Texas on December 15th and 16th, 2006.  Because the terms of the auction sale provided that the Trustee was entitled to reject the highest and best bid at the time of auction, it was necessary for the Trustee to be present during the auction.  At the auction, the Trustee accepted the highest and best bid made for the Family Truckster but rejected the highest and best bids for the Chitty Chitty Bang Bang and the Princess Di Rolls Royce.  Thereafter, the two remaining motor vehicles were rescheduled for auction at the Kruse International Spring 2007 Collector Car Auction held in Auburn, Indiana on June 2, and June 3, 2007.  The Trustee attended said auction and approved the sale of the two remaining motor vehicles to the highest and best bidders.

REAL ESTATE:

   At the date of the conversion of this bankruptcy to a Chapter 7 proceeding, the estate was the owner of two parcels of real estate:  The half interest in the property commonly known as 45W741 Granart Road, Big Rock, Illinois and 100% of the beneficial interest in

the restaurant property commonly known as 270-275 Main Street, Sugar Grove, Illinois.

With respect to the Granart Road property, the Trustee was successful in obtaining a

buyer for the estate's interest in said property.  The procurement of a bona fide buyer for

the property was instrumental in negotiating the transfer of the estate's interest in said

property to Jerome Rich, in exchange for his release of the secured and unsecured

claims against this estate and the companion estate of Jim Rich Enterprises, Inc..

During the pendency of this estate, the Trustee maintained all utilities on the restaurant

property, acquired insurance for the restaurant property, and worked with Alarm

Detection Systems to provide continuous security on the restaurant property.

TAX RETURNS:

    The Trustee prepared and filed all tax returns pertaining to the income generated

from the sale of the motor vehicles and other property of the estate.

RECORDS:

        The Trustee spent over 50 hours viewing and securing records pertaining to

this estate and the companion estate of Jim Rich Enterprises, Inc..  This included tax

records, accounts payable and receivable records, titles to vehicles and real estate,

and other records pertaining to the operation of Debtor's businesses.

CLAIMS:

        The Trustee negotiated the settlement of all claims that Rich Harvest Farms and

Jerome Rich had against this estate and the estate of Jim Rich Enterprises, Inc. in

exchange for transfer of the estate's interest in the Granart Road property and the

restaurant property.  In addition, the Trustee resolved all other issues pertaining to the

removal of duplicate claims, reduction of some claims, and elimination of other claims.

MISCELLANEOUS:

- In addition to the foregoing activities of the Trustee, the Trustee communicated on a frequent basis with the Debtor, Debtor's attorney and other parties having an interest in this matter.  The Trustee secured and stored personal property belonging to the Debtor.

- The Trustee prepared semi-annual reports to the United States Trustee's Office.

- The Trustee managed the estate's cash on hand.  This included investing the estate's funds in interest bearing accounts and maintaining a report of cash receipts and disbursements.

- The Trustee examined the Debtor's records in an effort to identify additional assets available to the estate for liquidation and to verify the disposition of assets.